UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER JOAN DOUCETTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17024** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "R" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by defendant. [Doc. #14]. For the following reasons, it is recommended that the motion be granted.

**I.      Factual Background**

The factual background of this lawsuit is adequately laid out in this Court's earlier opinion, Civ. A. No. 45-6947, 2016 WL 6477043 (E.D. La. Oct. 14, 2016), and need not be repeated here.

**II.     Law and Analysis**

Defendant filed this motion, asking this Court to dismiss plaintiff's claims for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant contends that plaintiff has already fully adjudicated her claims on the merits in an earlier-filed lawsuit in this Court, and she received a final judgment.  Defendant thus argue that the doctrine of res judicata bars this lawsuit.  Plaintiff filed no opposition to the motion.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016). In order for a claim to be barred by the doctrine of res judicata, the following requirements must be met: (1) the parties must be identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded by a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions.

*Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013).

As to plaintiff's most recent final agency decision, on June 27, 2014, an Administrative Law Judge issued a decision denying plaintiff's May 2010 applications for benefits under Titles II and XVI of the Social Security Act. The Appeals Council denied plaintiff's request for review, making the June 27, 2014 decision the Commissioner's final decision for purposes of judicial review. On December 18, 2015, plaintiff filed a civil action, *Doucette v. Social Security* Administration, Civ. A. No. 15-cv-06947, E.D. La., in this Court, in which she sought judicial review of the Commissioner's final administrative decision. This Court dismissed plaintiff's action with prejudice on November 1, 2016. [*Id.*, Doc. ##21, 22]. One month later, on December 9, 2016, plaintiff filed this civil action in this Court.

On their face, these facts render the instant civil action barred under Rule12(b)(6) for failure to state a claim upon which the Court may grant relief. *See Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (holding that benefit denials that become final are res judicata). The parties are identical in both the earlier-filed lawsuit and this one.    This Court is the only competent court of jurisdiction for review of an action by a federal administrative agency, *i.e.*, the denial of benefits by defendant. The claims in this lawsuit are based on defendant's June 27, 2014 decision, as plaintiff has not identified, nor has defendant issued, a subsequent final agency decision.    The denial of plaintiff's May 2010 benefits applications was fully administratively adjudicated and subsequently reviewed by this Court under 42 U.S.C. § 405(g), resulting in a judgment against plaintiff on November 1, 2016. *Doucette v. Social Security* Administration, Civ. A. No. 15-cv-06947, E.D. La., [Doc. #23]. The Court thus finds that plaintiff's request for a second judicial review of the same final agency decision is barred by the doctrine of res judicata. *See Robertson*, 803 F.2d at 810.

### III.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss [Doc. #14] be GRANTED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of October, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**